UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD A. RIVERS, SR., | ) |
| | ) No. CV-11-4-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**BEFORE THE COURT** are cross-motions for summary judgment noted for hearing without oral argument on May 25, 2012, ECF No. 13, 19. Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Stephanie Lynn F. Kiley represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge, ECF No. 7. On December 29, 2011, Plaintiff filed a reply, ECF No. 14. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's motion for summary judgment, **ECF No. 19.**

**JURISDICTION**

Plaintiff applied for supplemental security income (SSI) benefits on April 25, 2007. He alleged disability as of February

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 1 -

1, 2007[1] (Tr. 78-84). The application was denied initially and on reconsideration (Tr. 47-50, 57-58).

At a hearing before Administrative Law Judge (ALJ) Robert S. Chester on February 18, 2009, Plaintiff, represented by counsel, and a vocational expert testified (Tr. 24-44). On March 11, 2009, the ALJ issued an unfavorable decision (Tr. 14-20). The Appeals Council denied review on December 8, 2010 (Tr. 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on January 4, 2011 (ECF No. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Plaintiff was 44 years old at the hearing. He earned a GED and has worked as a casino slot attendant, cashier, housekeeper, and umpire (Tr. 27-29). He last worked in October 2006 but stopped due to coughing spells. Plaintiff testified he blacks out at least once a day due to severe coughing spells. He can walk 2 blocks and lift 5 to 10 pounds. He has asthma and respiratory papillomatosis. He testified the latter had spread from the trachea to the lungs. He smokes five cigarettes a day and his doctor has "been on [him] about quitting" (Tr. 29-38, 95). Coughing causes sleep problems. Medication sometimes makes him drowsy. He uses a nebulizer three times a day (Tr. 30, 32-33, 35).

---

[1]Interestingly, in 2006 Plaintiff told ER personnel he has had a very chronic dry cough since high school (Tr. 174).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 2 -

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity (RFC) assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir.1986). The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

1   Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

2   Cir.1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999).

3                           **STANDARD OF REVIEW**

4        Congress has provided a limited scope of judicial review of a

5   Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

6   the Commissioner's decision, made through an ALJ, when the

7   determination is not based on legal error and is supported by

8   substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

9   Cir.1985); *Tackett,* 180 F.3d at 1097 (9th Cir.1999). "The

10  [Commissioner's] determination that a plaintiff is not disabled

11  will be upheld if the findings of fact are supported by

12  substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th

13  Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more

14  than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

15  n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v.*

16  *Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v.*

17  *Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th

18  Cir.1988). Substantial evidence "means such evidence as a

19  reasonable mind might accept as adequate to support a conclusion."

20  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations

21  omitted). "[S]uch inferences and conclusions as the [Commissioner]

22  may reasonably draw from the evidence" will also be upheld. *Mark*

23  *v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the

24  Court considers the record as a whole, not just the evidence

25  supporting the decision of the Commissioner. *Weetman v. Sullivan,*

26  877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d

27  525, 526 (9th Cir.1980)).

28       It is the role of the trier of fact, not this Court, to

resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

## ALJ'S FINDINGS

At step one the ALJ found Plaintiff did not engage in substantial gainful activity after onset (Tr. 16). At step two he found Plaintiff suffers from respiratory papillomatosis, a severe impairment (Id.). At step three the ALJ found the impairment did not meet or equal a Listed impairment (Tr. 17). The ALJ found Plaintiff less than fully credible (Tr. 18). At step four, he relied on a vocational expert and found Plaintiff is able to perform past relevant work, meaning Plaintiff was not disabled as defined by the Social Security Act during the relevant period (Tr. 19-20, 42).

## ISSUES

Plaintiff alleges the ALJ erred when he failed to credit the opinion of treating doctor Gregory Loewen, D.O., found Plaintiff is able to perform light work, and found he is less than fully

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 6 -

credible (ECF No. 14 at 7-13).

The Commissioner asserts the ALJ's decision is supported by substantial evidence and free of legal error. He asks the Court to affirm (ECF No. 20 at 2).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592

(9th Cir.2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir.1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir.1995).

Plaintiff alleges the ALJ should have credited two of Dr. Loewen's opinions. He began treating Plaintiff in April 2007. The Commissioner answers the ALJ properly rejected both Dr. Loewen's May 2007 and March 2008 opinions.

The Commissioner points out the 2007 opinion is on a DSHS check-box form, and DSHS's definitions differ from the SSA's (ECF No. 20 at 10, referring to Tr. 204-207). Dr. Loewen opined Plaintiff's ability to work is severely limited, meaning as defined he is unable to lift at least 2 pounds or unable to stand and/or walk (Tr. 206). The bases for this conclusion is not given. The ALJ correctly notes when such forms do not provide significant explanation of the basis for the conclusions, they may appropriately be accorded little or no weight (Tr. 19). *See Crane*

*v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)(ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions was permissible).

Dr. Loewen rendered this opinion on the basis of a single examination a month earlier, as the Commissioner accurately observes, ECF No. 20 at 12. Perhaps most significant, the April 2007 opinion is inconsistent with Dr. Loewen's treatment notes and with Plaintiff's testimony (ECF No. 20 at 12-14).

Dr. Loewen's treatment notes in October 2007 indicate Plaintiff's spirometry results have been stable, as was asthma on the current medication regimen (Tr. 243).

The form Dr. Loewen completed indicates Plaintiff is unable to sit, stand, walk, lift, handle, or carry (Tr. 206), yet Plaintiff testified he is able to walk two blocks, slowly climb stairs, do laundry, cook, and shop (Tr. 31-32, 34, 36). Six months after Dr. Loewen's dire assessment, treating primary care physician Ethan Angell, M.D., notes Plaintiff hurt his shoulder throwing a football with his son (Tr. 333).

The ALJ observes the opinion is unsupported by clinical evidence. Dr. Loewen's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if Plaintiff was as limited as Dr. Loewen opined (Tr. 18). Each is a specific, legitimate reason supported by the evidence for discounting the contradicted opinion. *See e.g., Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(ALJ may reject any medical opinion that is brief, conclusory, and inadequately supported by clinical findings).

In a letter date March 17, 2008, Dr. Loewen opined Plaintiff

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 9 -

is completely disabled. His cough is so severe that "he is not even able to perform pulmonary function testing" (Tr. 203).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 18). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The ALJ gave several clear and convincing reasons for his credibility assessment. Plaintiff's testimony is contradicted by the objective evidence. He testified he often blacks out, at least once a day, from coughing spells. The ALJ notes Dr. Loewen's

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 10 -

treatment records show Plaintiff complained of this twice in 2006 (Tr. 18, referring to Tr. 208). Plaintiff testified respiratory papillomatosis spread from the trachea to the lungs, but Dr. Loewen opined in July 2008 recent bronchoscopy showed the disease had not progressed and Plaintiff was stable on his medications (Tr. 18, 36-37, 266).

Plaintiff's statements have been inconsistent. The ALJ observes Mr. Rivers told several health care providers he had quit smoking, but he had not (Tr. 18); *cf.* Tr. 324 (in March 2007 Plaintiff told Dr. Angell he smokes) *with* Tr. 208 (in May 2007 he told Dr. Loewen he quit smoking in 2005).

Finally, the ALJ points out Plaintiff has not stopped smoking, suggesting his impairment is not as disabling as alleged (Tr. 18).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir.2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989).

The ALJ's credibility assessment is free of error.

The ALJ rejected Dr. Loewen's March 2008 opinion for some of the same reasons he rejected the first, namely, it lacks supporting objective evidence in Dr. Loewen's own reports, and it

is without support elsewhere in the record (Tr. 18). Both are specific, legitimate, and supported by substantial evidence.

**B. RFC**

Plaintiff asserts the ALJ erred when he assessed an RFC for light work (ECF No. 14 at 9).

When he determined plaintiff's RFC, the ALJ weighed the evidence as outlined above. Plaintiff's argument simply restates the issues already addressed by the Court.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's RFC is fully supported by the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19,** is **GRANTED.**

2. The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 12 -

defendant, and **CLOSE** this file.

DATED this 19th day of June, 2012.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE